IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| JAHMAL HUNTER, | : | |
| CORNELIUS STALLWORTH, and | : | |
| KHALIL SAEED | : | NO. 25-CR-305-1, 5, & 6 |

## MEMORANDUM

This memorandum accompanies this Court's June 9, 2026 Order (Dkt. 237) denying the requests for a *Franks* hearing made by Defendants Jahmal Hunter, Cornelius Stallworth, and Khalil Saeed in their Motions to Suppress (Dkts. 205, 208, and 221).

### I.    BACKGROUND

Mr. Hunter, Mr. Stallworth and Mr. Saeed have all been charged with various crimes in relation to an alleged narcotics trafficking conspiracy. Mr. Stallworth is also accused of committing a homicide related to the drug trafficking operation on April 3, 2025. On April 9, 2025, law enforcement officers executed Search Warrant #25-003513 at 4224 Ogden Street, Philadelphia, Pennsylvania, in connection with the homicide ("Homicide Warrant"). *See* Gov't Omnibus Resp. to Def.'s Pretrial Motions (Dkt. 226-1), Ex. A at 4–5. Law enforcement officers observed narcotics inside the residence during the execution of the Homicide Warrant and subsequently applied for Search Warrant #25-003522 ("Narcotics Warrant"). *See* Gov't Omnibus Resp. to Def.'s Pretrial Motions (Dkt. 226-2), Ex. B at 2. Specifically, detectives of the

1

homicide unit executing the Homicide Warrant observed "numerous baggies containing small colored flip top containers each containing a white chunky substance … and United States Currency in the living room on the furniture, tables, and floors along with packaging materials and razors." *Id.* Defendants, and in particular, Mr. Stallworth requested a *Franks* hearing in order to suppress all physical evidence recovered during the execution of both Search Warrants, arguing that the Homicide Warrant was unconstitutional and that evidence seized under the Narcotics Warrant was therefore fruit of the poisonous tree.

## II.  LEGAL STANDARD

In *Franks v. Delaware,* the Supreme Court held that a criminal defendant has the right to challenge the truthfulness of factual statements made in an affidavit supporting a warrant.  438 U.S. 154, 155–56 (1978).  To do so, the defendant must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit[.]" *Id.*  An offer of proof must accompany this substantial preliminary showing, and a mere desire to cross-examine the affiant is not sufficient. *Id.* at 171.

Once the Defendant makes a substantial showing with an offer of proof, the Court must analyze the probable cause of the warrant with the allegedly false material set aside.[1] *Id.* at 156.  If the disputed material is essential to the finding of

---

[1]    The Fourth Amendment states "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation[.]"  U.S. CONST. amend IV.  In determining probable cause "an issuing court need only conclude that it would be reasonable to seek the sought-after objects in the place designated in the affidavit[.]" *United States v. Ritter*, 416 F.3d 256, 263 (3d Cir. 2005); *see also Illinois v. Gates*, 462 U.S. 213, 238 (1983).

2

probable cause, the Fourth Amendment requires a hearing be held at the defendant's request. *Id.* If the disputed material is excised from the affidavit, and probable cause remains intact, no hearing is required. *Id.* at 171–72. When a defendant can prove, by a preponderance of the evidence, that probable cause does not exist without the disputed material, a court will void the warrant and exclude the results of the search. *Id.* at 156.

## III.    DISCUSSION

The Motions filed from Defendants Hunter, Stallworth and Saeed requesting a *Franks* hearing will be addressed in the Order in which they were docketed.

### i.    Mr. Hunter's Motion to Suppress

In his Motion for a *Franks* hearing, Mr. Hunter makes no claim of a material falsehood present in the affidavit. With no specific claim and no accompanying offer of proof, Mr. Hunter has not met the burden imposed by *Franks*. Because Mr. Hunter has not made a substantial preliminary showing, an evidentiary hearing is unwarranted.

### ii.    Mr. Stallworth's Motion to Suppress

In support of his request for a *Franks* hearing, Mr. Stallworth asserts a knowing or reckless disregard for the truth through reckless misstatements and factual omissions on the affidavit of probable cause. Dkt. 208 at 3. Mr. Stallworth first alleges that the affiant omitted the fact that the surveillance footage referenced in the probable cause affidavit is noncontinuous and has gaps in time between the

3

alleged shooter leaving the residence at 4224 Ogden Street, the shooting, and returning to 4224 Ogden Street. *Id.* Second, Mr. Stallworth claims the affiant misidentified him as the shooter in the footage. *Id.* Mr. Stallworth alleges that he was not in fact identified in surveillance footage from the day of the homicide.

According to Mr. Stallworth, he was only identified by law enforcement using a photo of him taken the day prior to the shooting. *Id.* Despite this, Mr. Stallworth notes, the affidavit identifies him as the shooter while leaving and returning to 4224 Ogden Steet on the day of the shooting. The affidavit states the "Durango returns at approximately 1:05pm—approximately 10 minutes before the murder—at which time the shooter, later identified as Cornelius Stallworth ... is observed exiting 4224 Ogden Street, entering the driver side rear of the Durango before it pulls off." *See* Gov't Omnibus Resp. to Def.'s Pretrial Motions (Dkt. 226-1), Ex. A at 5. The affidavit again identifies Mr. Stallworth stating, "This offender (Shooter) is later identified as Cornelius Stallworth ... by his previous Federal Parole Officer Corinne Simmons" after the Durango is observed returning to 4224 Ogden Street after the shooting. *See id.*, Ex. A at 5.

In *Wilson v. Russo,* the Third Circuit explained what constitutes a reckless disregard for the truth with respect to both misstatements and omissions. 212 F.3d 781, 783 (3d. Cir. 2000). The Third Circuit held that a reckless disregard for the truth is present when "facts that any reasonable person would know that a judge would want to know" are omitted, and "when an officer has obvious reasons to doubt the truth of what he or she is asserting." *Id.* A probable cause determination does not require proof beyond a reasonable doubt. *Gates,* 462 U.S. at 235.

This Court observes that probable cause can certainly exist without uninterrupted surveillance footage. Consequently, the Court concludes that the affiant's failure to explicitly note there were gaps in the surveillance footage was not a reckless disregard for the truth. The affiant makes no claim of having the entirety of the crime on surveillance footage, and continuous surveillance footage is not implied anywhere in the affidavit. Indeed, the affiant's statements about multiple sources and segments of surveillance footage would lead a reasonable person to assume the footage is not continuous. Additionally, the surveillance footage establishes a sufficient nexus between the shooting and 4224 Ogden Street, and thus the affiant would have no reason to doubt the truth of the assertions in the affidavit. It is important to emphasize that the Homicide Warrant was used to search the Ogden residence itself and not Mr. Stallworth. Mr. Stallworth was not the target of the search.

The affiant also stated that the shooter was "later identified as Cornelius Stallworth ... by his previous Federal Parole Officer Corrine Simmons." *See* Gov't Omnibus Resp. to Def.'s Pretrial Motions (Dkt. 226-1), Ex. A at 5. This fact is true. Stallworth's parole officer, Ms. Simmons, identified him as the person in the surveillance footage. Ms. Simmons recognized Mr. Stallworth wearing uniquely marked sweatpants in a photo the day before the shooting. The shooter wore the same uniquely marked sweatpants. *See id.*, Ex. C at 8. Furthermore, the surveillance footage of the shooting shows the perpetrator walking with a slight limp. Ms. Simmons stated that she remembers a conversation with Mr. Stallworth urging him to seek medical attention for swelling in his leg related to diabetes. *Id.* A reasonable

5

officer would consider Ms. Simmons identifying Mr. Stallworth in surveillance footage photos to be something a judge would want to know. In sum, the totality of the surveillance footage, and including the claimed identification of Mr. Stallworth in the footage, does not establish a false statement or omission. Even if there was evidence of a false statement or omission, the Defendant has not demonstrated that there was an obvious reason for the affiant to doubt the truth of the representations in the affidavit. As there is no substantial showing of a material falsehood, an evidentiary hearing is unwarranted.

Even if Mr. Stallworth had made a substantial preliminary showing and offered adequate proof of a material falsehood, there would still be probable cause for the search of 4224 Ogden Street. The surveillance footage shows a black Dodge Durango transporting the alleged perpetrator to and from the shooting. The Durango departs 4224 Ogden Street minutes before the shooting, drops the shooter off in the vicinity of the homicide, and returns to 4224 Ogden Street with the shooter minutes after. *See id.,* Ex. A at 4–5. The footage also depicts the shooter exiting the Durango and entering the Ogden residence. A person emerging a short time later in different clothes is alleged to be the shooter. *See id.,* Ex. A at 5. The gaps in the surveillance footage do not negate the nexus established between the shooter, 4224 Ogden Street, and the homicide.

Perhaps even more importantly, the identification of the shooter is not essential to establish probable cause for the search of 4224 Ogden Street. For the reasons stated above, the nexus between the shooting and 4224 Ogden Street does not rely on the identity of the shooter. A person, closely matching the description of

the shooter, returned to the Ogden residence in the same Dodge Durango and appears to have discarded clothing items potentially worn during the shooting. *Id.* Even if law enforcement never claimed to have identified the shooter in the surveillance footage, there would still be probable cause to search 4224 Ogden Street.

Mr. Stallworth has failed to make a substantial preliminary showing, provide an offer of proof, or undermine the probable cause asserted in the affidavit. Accordingly, an evidentiary hearing under *Franks* is not appropriate.

### iii.   Mr. Saeed's Motion to Suppress

Like Mr. Hunter, Mr. Saeed does not call any specific aspect of the affidavit into question, and there is no offer of proof to support his request. Reserving the right to assert a material falsehood does not satisfy the criteria set forth in *Franks* and does not mandate an evidentiary hearing. Therefore, Mr. Saeed's request lacked merit.

## IV.   Conclusion

For the foregoing reasons, this Court properly denied all three requests for *Franks* hearings.

July 27, 2026                                    BY THE COURT:

                                                GAIL A. WEILHEIMER, J.

7