**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **No. 25-CR-305** |
| | : | |
| **JAHMAL HUNTER, et al.** | : | |

# OPINION

This opinion addresses the Government's Notice of Intent and Motion *in Limine* to Admit Evidence of Other Acts Under Federal Rule of Evidence 404(b) and to Rebut Entrapment Defense (Dkt. No. 268) ("Motion"). The Government intends to "admit evidence regarding other acts and crimes committed by defendants Jahmal Hunter, Donte Hunter, George Pinkney, Cornelius Stallworth, Dontay Tabbs and Clarence Tabbs[.]" Motion at 1. Specifically, the Government seeks admission of "evidence of [ ] D. Hunter, J. Hunter, Pinkney and Stallworth's 1997 federal indictment, the evidence of Stallworth and D. Tabbs' 2006 arrests, and D. Tabbs, Stallworth, C. Tabbs and Pinkney's other narcotics offenses." *Id.* at 6. The Government also seeks to introduce evidence of D. Hunter's 2017 conviction for distribution of a controlled substance. *See* Government's Supplemental Notice (Dkt. No. 287) at 1. For the reasons that follow, the Motion is denied.

## I. LEGAL STANDARD

Federal Rule of Evidence 404(b) prohibits the admission of evidence of "any other crime, wrong, or act … to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid.

404(b)(1). However, the Rule also states that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Rule 404(b) "must be applied with careful precision, and [ ] evidence of a defendant's prior bad acts is not to be admitted unless both the proponent [of the evidence] and the District Court plainly identify a proper, non-propensity purpose for its admission." *United States v. Caldwell*, 760 F.3d 267, 274 (3d Cir. 2014) (citation omitted). It is "a rule of general exclusion, and carries with it no presumption of admissibility." *Id.* at 276 (citation and quotation marks omitted). The Rule ensures that "an accused is tried for *what* he did, not *who* he is." *Id.* (emphases in original). In sum, "Rule 404(b) directs that evidence of prior bad acts be excluded—*unless* the proponent can demonstrate that the evidence is admissible for a non-propensity purpose." *Id.* (emphasis in original).

Therefore, the Government bears the burden here of establishing a permissible non-propensity purpose for the evidence it seeks to introduce. There are "four distinct steps that must be taken before evidence is admissible for a non-propensity purpose under Rule 404(b)(2)." *Id.* First, the Government must "identify a proper 404(b) purpose for admission (such as knowledge or intent) that is 'at issue' in, or relevant to, the case." *Id.*

Next comes the second, "crucial" step: The Government must "explain how the evidence is relevant to that purpose." *Id.* The Government's "task is not merely to find a pigeonhole in which the proof might fit, but to actually demonstrate that the

evidence proves something other than propensity." *Id.* (cleaned up). This means the Government "must explain how [the evidence] fits into a chain of inferences—a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference." *Id.* at 276–77 (citation omitted). The Third Circuit has emphasized that "the proffered evidence must be excluded if the proponent neglects or is unable to articulate this chain of inferences, and failure to exclude such evidence constitutes reversible error." *Id.* at 277 (citation omitted).

Third, if the court finds that the Government has demonstrated the evidence is relevant for a non-propensity purpose, the court must then evaluate "whether the evidence is sufficiently probative, such that its probative value is not outweighed by the inherently prejudicial nature of prior bad act evidence." *Id.* (citation omitted).

Lastly, upon a defendant's request, the "court must provide a limiting instruction, which advises the jury that the evidence is admissible for a limited purpose and may not be considered in another manner." *Id.* (citation omitted).

As this Court will explain in more detail below, the Government has failed to satisfy the crucial second step because it has not shown how the evidence "fits into a chain of inferences" connecting the evidence to a proper purpose without making any "forbidden propensity inference[s]." *See id.* Because this deficiency is dispositive, the Court need not discuss the remaining steps in the analysis below.

## II. DISCUSSION

### A. Evidence at Issue in This Motion

1. The 1997 Federal Narcotics Indictment.

First, the Government signals its intention to admit evidence of a 1997 federal indictment in which D. Hunter, J. Hunter, Stallworth, and Pinkney were charged. Motion at 2. The Government represents that D. Hunter was the leader of a drug trafficking organization in 1996 and 1997, that J. Hunter supervised Stallworth in that organization, and that Pinkney was "a right-hand man to both J. Hunter and D. Hunter, an enforcer, a distributor, as well as a supervisor of Stallworth and others." *Id.* The Government further represents that Stallworth used firearms in connection with this activity, and that the conduct took place "in West Philadelphia in very close proximity to the stash locations" in this matter. *Id.* Each of the four defendants was convicted and served time in prison as a result. *Id.* at 3.

2. The 2006 Narcotics and Firearm Arrests.

Next, the Government seeks admission of evidence of the arrests of Stallworth and D. Tabbs in 2006. Motion at 3. The arrests stemmed from several controlled purchases of crack cocaine. *Id.* During the final controlled purchase, both men were present and arrested, and Stallworth had a firearm. *Id.* D. Tabbs was "charged with possession with intent to distribute controlled substances in connection with the search warrant, but the case was dismissed for lack of speedy trial." *Id.* at 4. Stallworth was "federally indicted in this district and convicted on all counts." *Id.*

3. <u>The 2008 Firearm and Narcotics Distribution Offense.</u>

Next, the Government asks to introduce evidence that Stallworth was arrested in 2008 "in possession of a loaded firearm and a bag containing multiple packets used to package crack cocaine." Motion at 4 (citation omitted). He was federally indicted in this district and pleaded guilty. *Id.*

4. <u>Previous Narcotics Distribution Offenses Involving D. Tabbs.</u>

Next, the Government provides notice of its intention to introduce evidence that D. Tabbs (1) was convicted of possession with intent to distribute a controlled substance and receiving stolen property in 2003; (2) pleaded guilty to a firearms offense after originally being charged with possession with intent to distribute a controlled substance in 2004; and (3) pleaded guilty to possession with intent to distribute a controlled substance and violations of the Uniform Firearms Act in 2013. Motion at 4–5.

5. <u>Previous Narcotics Distribution Offenses Involving Pinkney.</u>

Next, the Government seeks admission of evidence that (1) Pinkney, in 2009, sold crack cocaine to a confidential informant; (2) in 2019, police were called to a hotel room reserved in Pinkney's name following a report of narcotics and found crack cocaine and cocaine, as well as packing materials, scales, and multiple items with Pinkney's name on them; (3) in 2020, Pinkney was arrested for selling crack cocaine to a confidential informant; and (4) Pinkney was convicted of those offenses in 2020. Motion at 5.

6. Previous Narcotics Distribution Offenses Involving C. Tabbs.

Next, the Government requests permission to introduce evidence that, in 2009, C. Tabbs was arrested while he was in possession of crack cocaine. Motion at 6. He later pleaded guilty to possession with intent to distribute a controlled substance. *Id.*

7. The 2017 Conviction of D. Hunter.

Finally, the Government has provided notice of its intention to introduce evidence that D. Hunter was "convicted in this district of distribution of a controlled substance[.]" Supplemental Notice at 1. The Government emphasizes that D. Hunter "conspired with another individual to sell crack cocaine … within walking distance to the stash locations in the instant matter." *Id.* at 1–2.

**B. Admissibility of the Evidence**

To justify the admission of the evidence outlined above, the Government makes several arguments. It asserts that the 1997 indictment and the 2006 arrest of Stallworth and D. Tabbs will "establish that the defendants intentionally, knowingly and willfully took steps in furtherance of the drug conspiracy in this case, to rebut their defenses of mere association, and to explain to the jury how the illegal relationship between the participants developed." Motion at 6. The Government stresses that the evidence shows the defendants' "longstanding association with one another, [and] their intent and knowledge to share in a common plan to traffic narcotics in the instant case[.]" *Id.* The Government further avers this evidence would "rebut the anticipated defenses that they were merely present, or not engaging in criminal activity together." *Id.*

With respect to Pinkney, the Government argues that his prior narcotics trafficking convictions "prove his intent to distribute the narcotics he possessed when he was arrested in this case, and to prove his knowledge and intent when he dropped a bag of narcotics out of his window to a fellow conspirator." *Id.* at 8–9.

Similarly, the Government contends that "C. Tabbs' prior narcotics conviction also establishes his knowledge and intent to willingly traffic narcotics in this case, and rebut[s] his anticipated entrapment defense[.]"[1] *Id.* at 9.

The Government takes the same position concerning the evidence against D. Tabbs and Stallworth, explaining that their "other prior narcotics and firearms convictions establish their knowledge and intent to engage in the drug trafficking conspiracy in this case." *Id.*

Regarding D. Hunter's 2017 conviction, the Government again represents that the purpose of this evidence is to "establish that [ ] D. Hunter intentionally, knowingly and willfully took steps in furtherance of the drug conspiracy in this case" and to "rebut an anticipated defense that D. Hunter had no knowledge of his co-defendants' drug activities, and that he did not share a common goal with the co-defendants." Supplemental Notice at 2.

More generally, the Government explains that it "expects the defendants to argue they were merely present in stash locations, or simply friends with or associated with someone who was selling narcotics unbeknownst to them." Motion at 14. Thus, the Government maintains that "[e]vidence that many of the defendants

---

[1] The anticipated entrapment defense presents a minor complication, which the Court addresses below.

previously possessed narcotics with intent to distribute, engaged in distribution of narcotics, or engaged in narcotics offenses together is relevant to rebut this anticipated defense." *Id.*

The Government's arguments do not satisfy its burden under Rule 404(b). As previewed above, the Government has not made the showing required under step two of the four-step process articulated by *Caldwell*. Specifically, the Government has not explained how the evidence "fits into a chain of inferences—a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference." *See Caldwell*, 760 F.3d at 277.

The Government's justifications lack the detailed reasoning required under the law. There is no explanation of precisely how the proffered evidence—involving incidents that occurred years ago—fits within the named exceptions to Rule 404(b)'s general prohibition of prior bad act evidence. Instead, the Government has failed to articulate a complete chain of inferences connecting the evidence to a permissible, non-propensity purpose. When the proponent of the proffered evidence "neglects or is unable to articulate this chain of inferences," the evidence "must be excluded[,] … and failure to exclude such evidence constitutes reversible error." *Id.* (citation omitted).

While the Government does identify specific exceptions listed in Rule 404(b) (such as knowledge and intent), this is not enough. The "proponent's incantation of the proper uses of prior act evidence does not magically transform inadmissible evidence into admissible evidence." *Id.* at 276 (cleaned up).

To admit prior bad act evidence, a district court "must in the first instance, rather than the appellate court in retrospect, articulate reasons why the evidence also goes to show something other than character." *Id.* (citation omitted). The court's "reasoning should be detailed and on the record; a mere recitation of the purposes in Rule 404(b)(2) is insufficient." *Id.* (citation omitted). This Court cannot provide that detailed reasoning in this case, and the evidence must accordingly be excluded.

The Government's assertion regarding rebuttal fares no better. To reiterate, the Government "expects the defendants to argue they were merely present in stash locations, or simply friends with or associated with someone who was selling narcotics unbeknownst to them." Motion at 14. The Third Circuit, however, has rejected "the proposition that, merely by denying guilt of an offense with a knowledge-based *mens rea,* a defendant opens the door to admissibility of prior convictions of the same crime." *Caldwell*, 760 F.3d at 281. That would "eviscerate Rule 404(b)'s protection and completely swallow the general rule against admission of prior bad acts." *Id.* (citation omitted).

Nevertheless, there is an important caveat: Nothing in this opinion should be construed to prevent the Government from seeking to admit this evidence if Defendants open the door during trial. The evidence may be admissible for impeachment purposes if circumstances change. In that case, this Court will reconsider its ruling. *See id.* at 282 ("[T]he admissibility of evidence for impeachment purposes is an entirely distinct question from its admissibility under 404(b)." (footnote omitted)).

This is especially true with respect to C. Tabbs's proposed entrapment defense. If C. Tabbs pursues that defense, the Government may acquire the burden of "prov[ing] beyond reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents." *See Jacobson v. United States*, 503 U.S. 540, 549 (1992) (citation omitted). In that situation, a "jury may consider the character or reputation of the defendant, including any prior record, in determining the defendant's state of mind or inclination before his initial exposure to government agents." *United States v. Fedroff*, 874 F.2d 178, 183 (3d Cir. 1989) (citation omitted).

## III. Conclusion

For the reasons stated above, the Government's Motion is denied. An appropriate order follows.

DATED: November 24, 2026

BY THE COURT:

GAIL A. WEILHEIMER, J.